■ In the Matter of ROBERT ABRAMS, as Attorney-General of the State of New York, et al., Appellants, v PUBLIC SERVICE COMMISSION OF THE STATE OF NEW YORK et al., Respondents. — Appeal (1) from an order of the Supreme Court at Special Term (Prior, Jr., J.), entered February 23, 1982 in Albany County, which dismissed petitioners' application, in a proceeding pursuant to CPLR article 78 to annul a determination of the Public Service Commission (PSC) which permitted the inclusion of deferred taxes in the calculation of respondent Consolidated Edison Company of New York, Inc.'s 1981 revenue award, and (2) from the judgment entered thereon. Petitioners challenge the propriety of the PSC's policy allowing the utility to employ a "normalization" accounting procedure to normalize the tax effects of accelerated depreciation while permitting the utility, for rate-making purposes, to use the straight-line method of depreciation. For the most part, petitioners repeat the very same arguments considered and rejected in *Matter of Abrams v Public Serv. Comm.* (91 AD2d 795, app dsmd 59 NY2d 760). Two new arguments, neither of which is persuasive, are advanced. In *Abrams* (*supra*), failure to permit "normalization" would have forced the utility to abandon accelerated depreciation altogether because it had not utilized that depreciation method prior to 1969. Post-1969 initial use of accelerated depreciation is conditioned upon "normalization" of rates (US Code, tit 26, § 167, subd [*l*]). Admittedly, this condition does not apply to Con Edison. This fact does not, however, distinguish the instant case from *Matter of Abrams* (*supra*) because our decision there was founded not upon the necessity of permitting normalization to enable the company to retain tax benefits, but upon the view that acceptance of "normalization" by

the PSC was within its discretion and did not offend the statutory requirement that rates be "just and reasonable" (Public Service Law, § 65, subd 1). Petitioners' other argument is that "normalization" violates their due process rights under the State Constitution (art I, § 6). We denied a Federal due process claim in *Matter of Abrams (supra)* and perceive no basis for finding that a distinct due process right exists under the State Constitution. Their claim that subdivision 1 of section 65 of the Public Service Law grants them a substantive "property right" entitled to due process safeguards is unconvincing. The statute, far from mandating immediate flow-through to the consumers, simply orders that utility rates be "just and reasonable". This language can hardly be said to grant petitioners a specific constitutionally protected right to have the "flow-through" method applied. Order and judgment affirmed, without costs. Kane, J. P., Main, Casey, Mikoll and Yesawich, Jr., JJ., concur.